IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                      No. 22-cr-1975 JCH

**ZOILO ORTIZ-ORTIZ,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On October 24, 2023, Defendant Zoilo Ortiz-Ortiz ("Defendant") filed an *Opposed Motion for Rule 17(c) Subpoenas* (ECF No. 55). Defense counsel is seeking records regarding the canine, Kofi, which conducted a dog sniff around Defendant's vehicle during the traffic stop on November 14, 2022, and which purportedly alerted to the presence of drugs. Defendant seeks the information to contest the reliability of the canine, and whether there was probable cause to conduct a search of the interior of Defendant's vehicle. Defendant requests the issuance of a Rule 17(c) subpoena for the following: Kofi's continuous certification history for every year he has been working; training records for the same period; skills for which he was evaluated and performance in each skill area with dates and frequency; and deployments/alert rate and success rate. (Def's. Mot. 2, ECF No. 55.) The Government objects to the motion on the basis that it has received and disclosed to the defense 59 pages of records related to Kofi, which represents "the entirety of the materials the prosecution has related to Kofi." (Gov.'s Resp., ECF No. 56.) The Government offers no other legal grounds for opposing the Rule 17(c) subpoena.

## LEGAL STANDARD

Rule 17 governs the issuance of subpoenas in criminal proceedings. Rule 17(c) governs the issuance of subpoenas duces tecum and enables either party to obtain documents or other physical evidence. Specifically, Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). Unlike a trial subpoena, Rule 17(c) provides that a subpoena duces tecum may be made returnable before trial or other evidentiary hearing. Fed. R. Crim. P. 17(c); *see also United States v. Nixon*, 418 U.S. 683, 698-99 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951)) ("[Rule 17(c)'s] chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."). The plain language of Rule 17(c) authorizes the court to "direct the witness to produce the designated items in court before trial or before they are to be offered in evidence," and once "the items arrive," to "permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c). Accordingly, production of the requested evidence must be made to the court rather than to the requesting party's counsel's office. *United States v. Sellers*, 275 F.R.D. 620, 625 (D. Nev. 2011).

A party seeking issuance of a subpoena duces tecum under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial: and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (quoting *Nixon*, 418 U.S. at 699-700). To meet this burden, the moving party "must clear three hurdles: (1) relevancy; (2)

admissibility; [and] (3) specificity." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (quoting *Nixon*, 418 U.S. at 700).

## DISCUSSION

Defendant argues the materials are relevant to show Kofi's rate of proficiency, his alert error rate, his certifications, and his training. Regarding documents specific to Kofi, the Government provided a "Narcotic & Patrol Detector Dog Certification" for Kofi dated September 28, 2022 (ECF No. 56-1 at 1 of 59); an "American Working Dogs 1 year Membership" for Nicholas Jackson, Kofi's handler, dated September 28, 2022, (*id.* at 2 of 59); the "Canine Teams" section of the BIA Law Enforcement Handbook (*id.* at 3-20 of 59); the November 14, 2022, incident report (*id.* at 21-22 of 59); Kofi's medical history (*id.* at 23-46 of 59); and a Canine Deployment/Seizure Report dated Feb. 24, 2022 (*id.* at 47-59). As to the latter document, the same one-page document is repeated 13 times, (*id.* at 47-59), with the signature placement changing somewhat in each document, but with the same date, except for two documents in which the handwritten dates of 5/4/2022 and 6/17/22, respectively, are written over the "02/24/2022" typewritten dates (*id.* at 51-52 of 59). Otherwise, the content of these documents appears the same.

According to the BIA handbook, canine team certification and training records are kept concerning the date, location, skills evaluated, and length of training. (*Id.* at 7 of 59.) Training should occur a minimum of 16 hours per month. (*Id.*) Canine handler duties include completion of all training logs and incidents logs, monthly, and maintenance of all training, certification, and deployment records. (*Id.* at 8 of 59.) The District Canine Coordinator maintains records that "document the use and the proficiency of individual canines in drug detection." (*Id.* at 10 of 59.) "All documentation including certifications, training and deployment records, utilization statistics, incidents of misbehavior and corrective action taken, etc. will be submitted to the Canine Handler's

3

immediate supervisor for review and approval," and are maintained for the service life of the dog plus three years. (*Id.* at 20.)

The documents that are required to be maintained for the canine team concerning his certification and training are relevant to the issue of Kofi's reliability and they would potentially be admissible at the hearing on a motion to suppress on this issue. Although the Government averred it disclosed everything the prosecution had regarding Kofi, it is not clear that the BIA turned over to the prosecution all the documents it maintains on Kofi. For this reason, the Court does not find the request to be moot.

As for the specificity of the requests, the Court finds that Defendant is not pursuing a fishing expedition, and it has generally limited its production request to the types of records maintained for Kofi pursuant to BIA policy. The Court, however, finds one request ambiguous and potentially referring to documents not relevant to the Court's analysis: "Deployments/alert rate and success rate for the same period." *Cf. Florida v. Harris*, 568 U.S. 237, 246 ("The better measure of a dog's reliability thus comes away from the field, in controlled testing environments."). For clarity, the Court will instead order production of documents maintained by the BIA on the use and the proficiency of Kofi in drug detection and all documentation including certifications, training and deployment records, and utilization statistics for Kofi.

Defendants have requested that the evidence be produced to defense counsel's office. Production of Rule 17(c) evidence, however, must be made to the court. *See* Fed. R. Crim. P. 17(c)(1). The Court will therefore deny Defendants' request that the production be made in a place other than the court, but it will permit production to the Court, which will notify counsel upon receipt.

**IT IS THEREFORE ORDERED** that Defendant's *Opposed Motion for Rule 17(c) Subpoenas* (**ECF No. 55**) is **GRANTED IN PART** as follows:

1. The Clerk of the United States District Court for the District of New Mexico is Ordered to issue a Rule 17(c) subpoena duces tecum to:

   Records Custodian
   Bureau of Indian Affairs (BIA")
   1001 Indian School Rd. NW
   Bldg. 1
   Suite 247A
   Albuquerque, NM 87104

   The subpoena should order the production of the following records:

   - Kofi's continuous certification history for every year he has been working;
   - Training records for the same period, including documents on the use and the proficiency of Kofi in drug detection;
   - Skills for which Kofi was evaluated and performance in each skill area with dates and frequency for the same period; and
   - All documentation including certifications, training and deployment records, and utilization statistics for Kofi.

2. The subpoena shall require production of the requested evidence **ten (10) days** after the service of the requested subpoena **at the United States District Court for the District of New Mexico, Suite 710, 333 Lomas Boulevard, Albuquerque, New Mexico, 87102**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**